IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-89-D

PADGETT PROPERTIES, LLLP )
d/b/a PADGETT PROPERTIES )
LTD PARTNERSHIP, )
　　　　　　　　　　　　　　　　　　）
　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　）　　**ORDER**
　　　　v. )
　　　　　　　　　　　　　　　　　　）
NAUTILUS INSURANCE )
COMPANY )
　　　　　　　　　　　　　　　　　　）
　　　　　　　　Defendant. )

On September 10, 2022, Padgett Properties LLLP d/b/a Padgett Properties LTD Partnership ("plaintiff" or "Padgett Properties") filed a complaint against Nautilus Insurance Company ("defendant" or "Nautilus") in the Superior Court of Onslow County, North Carolina. See [D.E. 1]. On June 14, 2022, Nautilus removed to this court [D.E. 1]. On July 12, 2022, Padgett Properties moved to remand the case to the Onslow County Superior Court [D.E. 12] and filed a memorandum in support [D.E. 13]. On August 2, 2022, Nautilus responded in opposition [D.E. 17]. As explained below, the court grants plaintiff's motion to remand and remands this case to Onslow County Superior Court.

I.

This action arises from a dispute between a property owner and insurance company over the amount of damages the property owner allegedly sustained because of Hurricane Florence. The parties conducted a pre-suit claim investigation. On January 3, 2019, Insurance Claim Adjusters, LP, an independent adjuster, issued an estimate of $25,929.61 on behalf of Nautilus. See [D.E. 12-

2]. On March 26, 2019, Johns Eastern Company, Inc., another independent adjuster, issued a revised estimate of $52,772.64 on behalf of Nautilus. See [D.E. 12-3].

On September 10, 2021, during the appraisal process, Padgett Properties filed a complaint against Nautilus in Onslow County Superior Court. See [D.E. 1-1]. Both parties filed various motions and conducted multiple hearings, ultimately concluding in a consent order granting Nautilus's motion to stay pending completion of the appraisal. See [D.E. 1-1] 15–17. On May 16, 2022, the appraisers exchanged estimates. One estimate of damages totaled $65,554.38, and the other estimate totaled $1,069,297.13. See [D.E. 1-3]; [D.E. 17] 9.

On June 14, 2022, Nautilus removed the action to this court [D.E. 1]. On July 12, 2022, Padgett Properties moved to remand the action to the Onslow County Superior Court [D.E. 12].

II.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Priselac v. Chemours Co., 561 F. Supp. 3d 562, 568–69 (E.D.N.C. 2021). Under 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004); Colo. Bankers Life Ins. Co. v. AT Denmark Invs., APS, 526 F. Supp. 3d 118, 123 (E.D.N.C. 2021). Under 28 U.S.C. § 1446(b),

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding

2

> is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. §§ 1446(b)(1), (3). "[T]he grounds for removal must appear on the face of the initial pleading in order for the 30-day clock . . . to begin to run." Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997).

The removing party "bears the burden of showing removal is proper," including showing that the federal court has subject-matter jurisdiction over the case. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (quotation omitted); see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 680 (4th Cir. 2018); Prince v. Sears Holdings Corp., 848 F.3d 173, 176 (4th Cir. 2017); Strawn, 530 F.3d at 296–97; Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). If a court lacks subject-matter jurisdiction over a removed case, the proper remedy is to remand rather than dismiss. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996).

The court "must strictly construe removal jurisdiction," and if federal jurisdiction over the removed case "is doubtful," the court must remand the case to state court. Mayor of Balt., 31 F.4th at 197 (quotations omitted); see 28 U.S.C. § 1447(c); Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Mulcahey, 29 F.3d at 151; Colo. Bankers, 526 F. Supp. 3d at 123. Put differently,

3

a court should "resolve doubts in favor of remand." Palisades Collections, LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); see Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018); Colo. Bankers, 526 F. Supp. 3d at 123.

Nautilus premised removal on diversity jurisdiction under 28 U.S.C. § 1332. See [D.E. 1]. The parties agree that they are diverse and that the amount-in-controversy requirement is satisfied. The parties dispute whether Nautilus's removal was timely and whether Nautilus waived federal court jurisdiction.

As for whether removal was timely, Padgett Properties argues that its complaint of September 10, 2021, notified Nautilus that the amount of damages in the case exceeded $75,000; therefore, Nautilus's notice of removal of June 14, 2022, was untimely. See [D.E. 13] 4–7; 28 U.S.C. § 1446(b)(1). Nautilus responds that the complaint did not contain allegations that the amount in controversy exceeded $75,000 and that it was not on notice of the amount in controversy exceeding $75,000 until May 16, 2022, when the parties appraisers exchanged estimates and conclusions on the amount of losses for Padgett Properties. See [D.E. 17] 5–10.

To calculate an amount in controversy, punitive damages may be included. See Bell v. Preferred Life Assur. Soc. of Montgomery, 320 US 238, 240 (1943); Hartigh v. Latin, 485 F.2d 1068, 1072 (D.C. Cir. 1973). But interest and attorneys' fees may not. See First Nat. Bank v. La. Highway Comm'n, 264 U.S. 308, 310 (1924); Pinel v. Pinel, 240 U.S. 594, 597 (1916). "The key inquiry in determining whether the amount-in-controversy requirement is met is not whether the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." Scott v. Cricket Commc'ns, LLC, 865 F.3d 187, 196 (4th Cir. 2017) (cleaned up); McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008).

4

A plaintiff's claim for damages of "over $25,000" is not enough to make it "unequivocally clear and certain" that the amount in controversy is over $75,000. Franks v. SSC Brevard Operating Co., No 1:19-cv-00041, 2019 WL 3797422, at *3 (W.D.N.C., Aug. 12, 2019) (unpublished). Two claims of damage exceeding $25,000 are not enough to meet the requirements either. See Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010); Perkins v. Ocwen Loan Servicing, LLC, No. 1:15-cv-836, 2016 WL 4382698, at *2–3 (M.D.N.C. Aug. 16, 2016) (unpublished).

In determining whether a defendant was notified of the amount in controversy, the court first examines the initial pleadings and then the documents and other papers exchanged in the case by the parties. See Lovern, 121 F.3d at 162. Other papers or documents need not be part of the state court record and include "any information received by the defendant, whether communicated in a formal or informal manner." Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l, LLC, 865 F.3d 181, 186–87 (4th Cir. 2017); Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996).

Padgett Properties's complaint seeks "contractual damages in excess of $25,000[,]" attorney's fees, treble damages, and punitive damages. [D.E. 1-1] ¶ 35. At minimum, the complaint seeks $75,000.03 ($25,000.01 tripled), an amount greater than $75,000. Moreover, Nautilus's own internal estimates notified it that the amount in controversy in this case exceeded $75,000. On January 3, 2019, Insurance Claim Adjusters, LP issued an estimate of $25,929.61 on behalf of Nautilus. See [D.E. 12-2]. And on March 26, 2019, Johns Eastern Company, Inc. issued an estimate of $52,772.64 on behalf of Nautilus. See [D.E. 12-3]. Both estimates issued to Nautilus, combined with Nautilus's request for treble damages in the complaint, made it unequivocally clear that damages in this case would exceed $75,000. See [D.E. 1-1, 12-2, 12-3]; cf. Phillips, 2020 WL 571914, at *2–3; Manhattan Telecomms. Corp. v. Granite Ztelecomms., LLC, 500 F. Supp. 3d 255, 258, 263 (D. Del. 2020); Lucas v. Ultima Framingham, LLC, 973 F. Supp. 2d 98, 103 (D. Mass.

5

2013); Jones Mgmt. Servs., LLC v. KES, Inc., 296 F. Supp. 2d 892, 893–94 (E.D. Tenn. 2003). On September 15, 2021, Nautilus was served with the complaint. See [D.E. 1] 1. On that date, Nautilus knew that the amount of damages in the case exceeded $75,000. Thus, Nautilus's notice of removal on June 14, 2022, was untimely. See 28 U.S.C. § 1446(b)(1). Accordingly, the court grants Padgett Properties motion to remand. In light of this conclusion, the court need not address whether Nautilus waived federal court jurisdiction by taking substantial defensive action in state court. See Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991); [D.E. 13] 7–8; [D.E. 17] 5–10.

III.

In sum, the court GRANTS plaintiff's motion to remand [D.E. 12] and remands the action to Onslow County Superior Court. See 28 U.S.C. § 1447(c). The court DECLINES to award costs.

SO ORDERED. This 9 day of December, 2022.

JAMES C. DEVER III
United States District Judge

6

Case 7:22-cv-00089-D   Document 20   Filed 12/09/22   Page 6 of 6